UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID N. OSOLINSKI,<br><br>    Plaintiff,<br><br>v.<br><br>COALINGA STATE HOSPITAL,<br><br>    Defendant. | 1:15-CV-01465-AWI-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THE COMPLAINT BE DISMISSED FOR FAILURE TO STATE A CLAIM<br>(ECF NO. 1)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY DAYS |

Plaintiff David N. Osolinski ("Plaintiff") is proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on September 28, 2015. (ECF No. 1). Plaintiff's complaint alleges that Coalinga State Hospital and its staff members failed to wake him up for hot meals. For the reasons discussed below, the Court recommends dismissing Plaintiff's complaint because there is no constitutional right to be woken for hot meals.

### I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been

paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, Courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

## II. SUMMARY OF PLAINTIFF COMPLAINT

Plaintiff is civilly confined to Coalinga State Hospital. Plaintiff alleges that he "has never been wakened from his sleep for any hot meals which the Coalinga State Hospital (CSH) has to offer all patients who are in their care and custody." He explains that none of the hospital staff has ever gone out of their way to wake him up and ask him if he wishes to attend breakfast, lunch, or dinner. When Plaintiff requests to be woken, staff responds that it is not their responsibility to wake patients for meals. Plaintiff asks the Court "Is plaintiff's civil and constitutional rights to be given two or three hot meals per day violated?"

## III. DISCUSSION

### A. Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

>injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

"[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him or her of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." Id. at 743-44.

As a civil detainee, Plaintiff is entitled to treatment more considerate than that afforded pretrial detainees or convicted criminals. Jones v. Blanas, 393 F.3d 918, 931-32 (9th Cir. 2004). His right to constitutionally adequate conditions of confinement is protected by the substantive component of the Due Process Clause. Youngberg v. Romeo, 457 U.S. 307, 315 (1982). However, civil detainees are not free persons with "full civil rights," Seaton v. Mayberg, 610 F.3d 530, 535 (9th Cir. 2010), and it is well-established that effective institutional management is a legitimate, non-punitive governmental interest, Jones, 393 F.3d at 932.

The Eighth Amendment provides "a minimum standard of care" for determining the

rights of pretrial detainees. Or. Advocacy Ctr. v. Mink, 322 F.3d 1101, 1120 (9th Cir. 2003), quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983). Thus, a civil detainee's allegations that state a claim under the Eighth Amendment also state a claim under the Due Process clause.

"Food is one of life's basic necessities," and the government is obligated to provide those in its custody "with adequate sustenance on a daily basis." Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009) (denial of 16 meals in 23 days is a sufficiently serious deprivation within the meaning of the Eighth Amendment); see also Jones, 393 F.3d at 931-32 (civil detainees entitled to more considerate treatment than convicted criminals). Adequate food is a basic human need protected by the Eighth Amendment. Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982) (abrogated on other grounds by Sandin v. O'Connor, 515 U.S. 472 (1995)). While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health." LeMaire v. Maass, 12 F.3d 1444, 1456 (9th Cir. 1993).

In LeMaire v. Maass, 12 F.3d at 1455-56, the Ninth Circuit held that providing a prisoner with Nutraloaf, made by blending a variety of foods from normal prison meals, freezing them, and baking them into a loaf, was not a violation of the Eighth Amendment. This was so because "[t]his loaf, while not particularly appetizing, does exceed an inmate's minimal daily requirements for calories, protein, and vitamins." Id. at 1455. Because "a temporary Nutraloaf diet does not deny 'the minimal civilized measure of life's necessities,' its use falls short of the threshold deprivation necessary to form the basis of an Eighth Amendment violation." Id. at 1456.

### B.    Analysis of Plaintiff's Claims in Light of Legal Standards

Plaintiff's complaint fails to state a claim because there is no constitutional right to be fed hot meals, or to be woken up for meal times. Plaintiff has not alleged that he lacks food or adequate sustenance. He has not alleged that he lacks the minimal civilized measure of life's necessities. The Court has found no legal support for Plaintiff's claim.

///

///

### IV. RECOMMENDATION

The Court finds that Plaintiff's Complaint fails to state any cognizable claim upon which relief may be granted under § 1983.  Therefore, the Court recommends that the complaint be dismissed with prejudice.  Although leave to amend should be freely granted, the Court does not recommend giving leave to amend here because Plaintiff's complaint posed a discrete legal question—whether he has a constitutional right to be woken for three hot meals per day—and dismissal is warranted based on the law on that issue, not on a failure to allege adequate facts.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within twenty (20) days after being served with these findings and recommendations, any party may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten (10) days after service of the objections.  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 11, 2017**           /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE